R3M Law, LLP
437 Madison Avenue, 24th Floor
New York, NY 10022
646.453.7851
Howard P. Magaliff

*Attorneys for Howard P. Magaliff,*
*Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
In re:                                                        :
                                                              :     Chapter 7
JAANA COLANGELO,                                              :     Case No. 23-22355 (KYP)
                                                              :
                                          Debtor.             :
---------------------------------------------------------------- x
BUSINESS FINLAND USA, INC.,                                   :
                                                              :
                                          Plaintiff,          :     Adv. Pro. No. 26-7007
                                                              :
          – against –                                         :
                                                              :
JAANA COLANGELO,                                              :
RONALD COLANGELO, and                                         :
R3M LAW, LLP, solely in its capacity as                       :
escrow agent,                                                 :
                                                              :
                                          Defendants.         :
---------------------------------------------------------------- x

### TRUSTEE'S OBJECTION TO MOTION OF
### RONALD COLANGELO TO MOVE ESCROW ACCOUNT

TO THE HON. KYU Y. PAEK,
UNITED STATES BANKRUPTCY JUDGE:

Howard P. Magaliff, the chapter 7 trustee (the "Trustee") of the debtor Jaana Col-

angelo (the "Debtor"), by his attorneys R3M Law, LLP respectfully states:

1. On July 30, 2024, pursuant to the Order dated July 12, 2024 [ECF doc.

63], the Trustee closed on the sale of the real property owned by the Debtor and her former

spouse, Ronald Colangelo ("R. Colangelo") located at 66 Wilson Drive, New Rochelle, New

York (the "Property"). Pursuant to a stipulation between the Trustee and R. Colangelo "so or-dered" on March 12, 2024 [#25-22355, ECF doc. 42], upon closing, "the Trustee shall pay to R. Colangelo 50% of the net sale proceeds after payment of all expenses of and relating to sale, in-cluding the commission to MYC & Associates, Inc. as broker and/or auctioneer, in respect of his 50% interest in the Property, *provided that* the Trustee, at his option, may retain those funds until such time as he determines that there are no claims that can be asserted against R. Colangelo, which if successful can be satisfied from R. Colangelo's portion of the sale proceeds."

2. Business Finland, Inc. ("Business Finland"), a creditor of the Debtor and R. Colangelo, asserted that it has a state court judgment against R. Colangelo that his share of the net sale proceeds ("R. Colangelo's Share") were held in constructive trust for the benefit of Busi-ness Finland. The Trustee took no position regarding who is entitled to R. Colangelo's Share, other than that it was not property of the Debtor's estate that the Trustee could administer.

3. In connection with the Trustee's TFR, the Trustee moved, and the Court (Lane, J.) approved the transfer of R. Colangelo's Share in the amount of $318,533.35 to the Trustee's attorneys, R3M Law, LLP ("R3M") to be held in the firm's IOLA account pending a final order from a court of competent jurisdiction determining to whom R. Colangelo's Share should be paid. *See Order Approving the Transfer of Ronald Colangelo's Share of Sale Pro-ceeds to R3M Law, LLP IOLA Account* [# 22-22355, ECF doc. 77]. Ronald Colangelo was served with a copy of the motion [# 22-22355, ECF doc. 74], and did not object to the relief.

4. The Trustee moved the funds to the only account that made sense. He was preparing to make a final distribution in the case, and close the existing estate accounts. The Trustee was not in the position to maintain a separate estate escrow account for R. Colangelo's Share. It is true that interest earned on funds in the IOLA account are not paid to the person who deposited the funds or to the person ultimately entitled to receive those funds; that is the nature

2

of these accounts.  However, there was no other practical alternative under the circumstances.

And, it should be noted that not only did Mr. Colangelo not object to the transfer of the funds,

neither did Business Finland.

5.    On February 25, 2026 this Court approved the Trustee's TFR [# 22-22355,

ECF doc. 86].  The Trustee has made all distributions, and submitted a TDR to the U.S. Trustee.

The estate accounts are closed.  Upon approval of the TDR, the Trustee will be discharged.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an order

denying Ronald Colangelo's motion.

Dated: New York, New York          R3M LAW, LLP
      April 21, 2026          Attorneys for the Trustee
                                                   By:

                                                 /s/ Howard P. Magaliff
                                                 HOWARD P. MAGALIFF
                                                 437 Madison Avenue, 24th Floor
                                                 New York, NY 10022
                                                 646.453.7851
                                                 *hmagaliff@r3mlaw.com*

4935-0708-5475, v. 2